### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE DOYLE,** : | |
| : | |
| *Plaintiff*, : | |
| : | |
| v. : | **Case No.:** 2:23-CV-2029 |
| : | |
| **BI-PETRO, INC.,** and : | |
| **ZACHARY HOMEIER,** *both jointly and* : | |
| *severally* : | |
| : | |
| *Defendants*. : | |

### COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Kyle Doyle, by and through the undersigned counsel, J.P. Ward & Associates, and, specifically, Justin M. Bahorich, Esquire, who files the within Complaint against Defendants, Bi-Petro, Inc., and Zachary Homeier, of which the following is a statement:

### PARTIES

1. Plaintiff, Kyle Doyle (hereinafter "Plaintiff" or "Mr. Doyle"), is an adult individual who currently resides at 198 Pleasant Drive, Benwood, WV 26031.

2. Defendant, Bi-Petro, Inc. (hereinafter "Defendant" or "Bi-Petro"), is an Illinois corporation with its headquarters located at 3150 Executive Park Drive, Springfield, Illinois 62794 and a physical address at 311 S. Central Ave., Ste. 103, Canonsburg, PA 15317.

3. Defendant, Zachary Homeier (hereinafter, "Defendant" or "Mr. Homeier"), is an adult individual, who upon information and belief, lives in Illinois.

### JURISDICTION AND VENUE

4. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Labor Standards Act of 1938 ("FLSA" – 29 U.S.C. §§ 201 *et. seq*), the Pennsylvania Wage Payment and Collection

1

Law ("WPCL" – 43 Pa. 329 *et seq.*), and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P.S. §§ 333.101 *et seq.*).

5. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. A substantial amount of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. On or about 2018, Plaintiff began working for Defendant, Bi-Petro, as a Driver.

8. As part of his employment, Plaintiff consistently worked more than forty hours per week.

9. To accurately record his work hours, Bi-Petro provided Plaintiff with a tablet that he used for clocking-in and clocking-out each day.

10. However, Plaintiff could not clock in on the tablet until his direct supervisor, Mario Capolupo (hereinafter "Mr. Capolupo"), approved the clock-in on his own tablet.

11. Plaintiff's daily shift required him to start work at 4:00 am.

12. As part of his job responsibilities, Plaintiff ensured the safety of the roads for tractor-trailers, often requiring him to clear excessive ice and slush.

13. The process of inspecting and clearing the roads often took up to four (4) hours of Plaintiff's time.

14. Throughout the winter of 2021, Mr. Capolupo prevented Plaintiff from clocking in on his tablet until he returned from his road-clearing duties.

15. After clocking in on the tablet, Plaintiff worked a full eight-hour (8) day.

16. Consequently, Bi-Petro did not compensate Plaintiff for the overtime he worked each morning.

17. To monitor his morning work hours, Plaintiff recorded the hours on a piece of paper and provided it to Mr. Capolupo.

18. Nevertheless, despite Plaintiff's efforts of tracking his hours, Bi-Petro did not compensate him for the time he worked in the mornings.

19. Plaintiff confronted Mr. Capolupo regarding the lack of compensation.

20. Subsequently, Plaintiff received a call from Director of Safety/Human Resources and the owner's son, Zach Homeier.

21. Mr. Homeier told Plaintiff, "If you, Mr. Doyle, aren't clocked in on the tablet, it does not count."

22. In response, Plaintiff informed Mr. Homeier that he could not clock-in on the tablet due to Mr. Capolupo's failure to approve it on his end.

23. After Plaintiff's conversation with Mr. Homeier, Mr. Capolupo began allowing him to clock-in upon his arrival at work.

24. Despite this change, Bi-Petro failed to properly compensate Plaintiff for the wages he had not been paid.

25. In April 2021, Mr. Capolupo initiated a confrontation with Plaintiff and falsely alleged that Plaintiff physically assaulted him.

26. As a result, Bi-Petro terminated Plaintiff's employment.

27. Based on information and belief, Mr. Capolupo initiated the confrontation with Plaintiff to provide Bi-Petro with a pretext for terminating his employment as retaliation for Plaintiff's report of unpaid wages.

## PARTICIPATION THEORY
*Plaintiff v. All Defendants, both jointly and severally*
*(Pled in Connection with All Counts)*

28. The Courts of this Commonwealth have long recognized the "participation theory", whereby, a corporate officer who participates in wrongful, injury-producing conduct can be personally liable, that is, individually liable for torts committed while acting within the scope of his or her employment by the corporation. *Loeffler v. McShane*, 539 A.2d 876 (Pa. Super. 1988); *Moy v. Schreiber Deed Sec. Co.,* 535 A.2d 1186 (Pa. Super. 1988); *Amabile v. Auto Kleen Car Wash*, 376 A.2d 247 (Pa. Super. 1977); *Tayar v. Camelback Corp. Inc.*, 957 A.2d 281 (Pa. Super. 2008).

29. Moreover, the fact that a corporation may be vicariously or secondarily liable under the doctrine of respondeat superior does not relieve the individual of his or her responsibility. An action against such individual may exist even though the agent or officer derived no personal benefit, but acted on behalf of, and in the name of, the corporation and the corporation alone was enriched by the act. *Shonberger v. Oswell*, 530 A.2d 112 (Pa. Super. 1987); *Kaites v. Com. of Pa. Dept. of Environmental Resources*, 529 A.2d 1148 (Pa. Commw. 1987).

30. There is a distinction between liability for individual participation in a wrongful act and an individual's responsibility for any liability-creating act performed behind the veil of a sham corporation; when the court pierces the corporate veil, the owner is liable because the corporation is not a bona fide independent entity and therefore its acts are truly the owner's, while under the

4

participation theory, the court imposes liability on the individual as an actor rather than as an owner. *Shay v. Flight C Helicopter Services, Inc.*, 822 A.2d 1 (Pa. Super. 2003).

31. At all times relevant hereto, Defendant Zachary Homeier, was the Director of Safety and Human Resources for Defendant Bi-Petro.

32. As Director of Safety and Human Resources, Mr. Homeier was directly responsible for handling and investigating Mr. Doyle's complaints regarding his wages.

33. Upon information and belief, Mr. Homeier spoke to Mr. Capolupo following Mr. Doyle's complaints and, thereafter allowed Mr. Doyle to clock in when surveying and clearing roads.

34. Indeed, Mr. Homeier confirmed that Mr. Doyle's complaints were valid, however, Mr. Homeier intentionally failed to remit payment for hours worked previously.

35. Mr. Homeier instead retaliated against and terminated Mr. Doyle following his wage complaint regarding shorting hours and failing to pay for overtime.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Plaintiff v. All Defendants)
### *Jointly and severally*

36. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

37. The FLSA prohibits an employer from employing any employee for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207(a)(1).

5

38. Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.A. § 203(d).

39. An "employee" is defined as "any individual employed by an employer." 29 U.S.C.A. § 203(e)(1).

40. When a plaintiff seeks to establish an overtime claim under the FLSA, he must "sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Rosario v. First Student Mgmt., LLC*, 2016 U.S. Dist. LEXIS 108172 at *20 (E.D. Pa. 2016) (citing *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)).

41. The FLSA requires an employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 C.F.R. § 211(c). The Third Circuit held "[i]n such a situation where the employer's records are inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated" and can make a "just and reasonable inference" of the amount of work performed. *Martin,* 949 F.2d at 1297.

42. Plaintiff was a non-exempt hourly employee under the FLSA.

43. Plaintiff was an "employee" as defined by the FLSA.

44. Defendants are an "employer" as defined by the FLSA.

45. Plaintiff frequently worked over forty hours per week for Defendants.

46. Defendants failed to compensate Plaintiff for hours exceeding 40 hours per week.

47. Additionally, Defendants failed to maintain adequate records reflecting Plaintiff's total number of hours worked each week.

48.     Despite Plaintiff's complaints regarding failure to pay overtime wages, Defendants willfully failed to compensate Plaintiff for time he had worked.

49.     As set forth hereinabove, Defendants' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

50.     As a direct and proximate cause of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, wage loss, loss of income, all in the past, present and future.

WHEREFORE, Plaintiff, Kyle Doyle, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendants, jointly and severally, including an award for back pay, front pay, any other compensatory and liquidated damages, costs and reasonable attorneys' fees, and such other relief as deemed just and proper.

## COUNT II
## RETALIATORY TERMINATION IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT
### (Plaintiff v. All Defendants)
*Jointly and severally*

51.     Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth herein.

52.     In order to establish a *prima facie* case of retaliation under the FLSA, a plaintiff must assert that (1) he engaged in protected activity; (2) he suffered an adverse employment decision; and (3) the adverse decision was causally related to the protected activity. *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015).

53.     Plaintiff was an employee of Defendants under the FLSA.

54.     Plaintiff was a non-exempt hourly employee under the FLSA.

55.     Defendants are employers of Plaintiff under the FLSA.

56. Plaintiff engaged in protected activity when he made a complaint to Defendant regarding unpaid overtime.

57. Despite Plaintiff's complaints regarding failure to pay overtime wages, Defendants willfully failed to compensate Plaintiff for time he had worked.

58. Following his complaint, Plaintiff suffered an adverse employment action when Bi-Petro terminated his employment.

59. Temporally, the termination took place within the same month as Plaintiff's report of unpaid overtime.

60. Defendants took this adverse employment action against Plaintiff in retaliation for his complaint of unpaid overtime wages.

61. As set forth hereinabove, Defendants' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

62. As a direct and proximate cause of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, lost wages to be determined at trial, liquidated damages, prejudgment interest, attorney's fees and costs, emotional distress damages, all in the past, present, future, other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

WHEREFORE, Plaintiff, Kyle Doyle, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendants, jointly and severally, including an award for back pay, front pay, any other compensatory and liquidated damages, punitive damages, costs and reasonable attorneys' fees, and such other relief as deemed just and proper.

## COUNT III
## FAILURE TO PAY OVERTIME AND STRAIGHT TIME
## IN VIOLATION OF THE WAGE PAYMENT AND COLLECTION LAW
### (Plaintiff v. All Defendants)
### *Jointly and severally*

63. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

64. Under the WPCL, the definition of employer "includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. §260.2a.

65. The Pennsylvania WPCL, 43 P.S. §260.1 et seq., however, does not provide "a statutory definition of the term 'employee'." *Frank Burns, Inc. v. Interdigital Communs. Corp*, 704 A.2d 678, 680-81 (Pa Super. 1997).

66. Courts in Pennsylvania have held that "any person in Pennsylvania can qualify as an employee under the WPCL," because "grammatically, an 'employee' is an entity that is employed," and "in the definition of employer, the entity employed by the employer, i.e., the employee, is any person in Pennsylvania." *Frank Burns v. Interdigital Communs. Corp.*, at 681.

67. Pennsylvania courts have thus narrowed the definition of employee accordingly: "those who work in Pennsylvania can sue under the Pennsylvania statute, but those who do not work in Pennsylvania cannot." *Id*. Citing *Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995).

68. The WPCL does not create a right to compensation, but "provides employees a statutory remedy to recover wages and other benefits that are contractually due to them."

*Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (1997), *citing Killian v. McCulloch,* 850 F.Supp. 1239, 1255 (E.D.Pa.1994).

69. Wages include "all earnings of an employee, regardless of whether determined on time, task, piece, commission, or other method of calculation. The terms 'wages' also includes fringe benefits or wage supplements…" 43 P.S. § 260.2(a).

70. The WPCL requires employers to pay all wages on regular paydays designated in advance by the employer. 43 Pa. 329(3)(a).

71. The WPCL also requires employers to give written notice to an employee of the amount of wages the employer conceded to be due and to pay such amount without condition, in case of a dispute over wages. 43 Pa. 329(6).

72. As a company conducting business and employing person(s) in the Commonwealth of Pennsylvania, Defendant Bi-Petro is an "an employer" within the definition of the WPCL 43 Pa. C.S. §260.1a.

73. Plaintiff, based on the law cited above, was an employee of Defendant working within the Commonwealth of Pennsylvania.

74. Plaintiff was a non-exempt hourly employee under the FLSA and WPCL.

75. Plaintiff worked at a rate of $23.00 per hour.

76. Plaintiff was entitled to receive overtime compensation at a rate of one and a half times his base hourly rate for all hours worked over 40 hours per week.

77. However, Defendant did not compensate Plaintiff for the hours that he worked overtime.

78. Additionally, Defendant failed to compensate Plaintiff for the hours where he worked mornings before he was allowed to clock-in.

79. As set forth hereinabove, Defendants' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

80. As a direct and proximate cause of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, wage loss, loss of income, all in the past, present and future.

WHEREFORE, Plaintiff, Kyle Doyle, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendants, jointly and severally, including an award for back pay, front pay, any other compensatory and liquidated damages, costs and reasonable attorneys' fees, and such other relief as deemed just and proper.

**COUNT IV**
**UNPAID OVERTIME WAGES IN VIOLATION OF**
**THE PENNSYLVANIA MINIMUM WAGE ACT**
**(Plaintiff v. All Defendants)**
*Jointly and severally*

81. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

82. The Pennsylvania Minimum Wage Act (hereinafter "PMWA") states that overtime pay is required "for hours in excess of forty hours in a workweek. 43 Pa. Stat. Ann. § 333.104(c).

83. Because the PMWA parallels the FLSA in "requiring employers to compensate their employees for overtime hours worked and has an identical standard of liability as the FLSA in overtime claims," courts analyze PMWA claims and FLSA claims under the same framework. *Rummel v. Highmark, Inc.*, 2013 U.S. Dist. LEXIS 162757 at *9 (W.D. Pa. 2013) (citing *Alers v. City of Philadelphia*, 919 F. Supp. 2d 528, 557-60 (E.D. Pa. 2013)).

84. Thus, "plaintiff-employees asserting PMWA violations must substantiate their claims by demonstrating that they performed work for which they were not paid . . . and that the

defendant-employer had actual or constructive knowledge of the plaintiff's overtime work." *Alers v. City of Philadelphia*, 919 F. Supp. 2d at 560.

85. Plaintiff was an employee of Defendants under the PMWA.

86. Plaintiff was a non-exempt hourly employee under the FLSA and PMWA.

87. Defendants were employers of Plaintiff under the PMWA.

88. On weeks where Plaintiff worked at least one day in the morning before clocking-in, Plaintiff worked more than 40 hours per workweek.

89. Defendants did not compensate Plaintiff for hours worked in the morning before clocking-in.

90. Defendants did not compensate Plaintiff for working overtime.

91. Defendants had actual and constructive knowledge of Plaintiff's unpaid overtime wage payments as Plaintiff recorded the hours on pieces of paper, which he handed to Mr. Capolupo, and as Plaintiff made a complaint regarding the unpaid wages in April 2021.

92. As set forth hereinabove, Defendants' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

93. As a direct and proximate cause of the aforementioned conduct, Plaintiff suffered actual damages, including, but not limited to, wage loss, loss of income, all in the past, present and future.

WHEREFORE, Plaintiff, Kyle Doyle, hereby requests this Honorable Court consider the above and grant relief in his favor and against Defendants, jointly and severally, including an award for back pay, front pay, any other compensatory and liquidated damages, costs and reasonable attorneys' fees, and such other relief as deemed just and proper.

**JURY TRIAL DEMANDED**

                                          Respectfully submitted,

                                          **J.P. WARD & ASSOCIATES, LLC**

Date: November 27, 2023                      By: _____
                                            Justin M. Bahorich (Pa. I.D. No. 329207)

                                          J.P. Ward & Associates, LLC.
                                          The Rubicon Building
                                          201 South Highland Avenue
                                          Suite 201
                                          Pittsburgh, PA 15206
                                          (412) 545-3016

                                          *Counsel for Plaintiff*